IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EZRA J. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-846-SLR |
| | ) |
| ARAMARK CORPORATION and | ) |
| ARAMARK CORRECTIONAL | ) |
| SERVICES LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of January, 2010, having screened the case pursuant to

28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Ezra J. Jones ("plaintiff"), an inmate at the Arkansas

Department of Corrections, Grundy, Arkansas, filed this civil rights action pursuant to 42

U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma

pauperis.

2. **Standard of Review**. This court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a

claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which

prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

actions brought with respect to prison conditions). The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke v. Williams*, 490 at 327-28; *Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his

2

complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3rd Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.– , 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must  determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to

3

infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff alleges that while housed at the Washington County Detention Center in Fayetteville, Arkansas, monies were removed from his inmate account for commissary orders that he never received. (D.I. 2) The commissary is run by defendant Aramark Correctional Services LLC. Plaintiff notified both defendants of the problem by mail, on January 21, 2009 and June 2009, respectively. Plaintiff seeks $90.12 in original losses, $2,500 for time spent and expenses, and $5,000 for frustration and stress, as well as punitive damages in the court's discretion.

7. **Respondeat Superior**. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992). In order to establish that defendant is directly liable for the alleged constitutional violation, plaintiff "must provide evidence that there was a relevant [Aramark] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those

4

theories); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th
Cir.1993) (no § 1983 liability for corporation acting under color of state law unless
unconstitutional conduct resulted from corporation policy or custom, and corporation
cannot be held liable under § 1983 on theory of respondeat superior); *cf. Martin v.
Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (because plaintiff did not allege that one
defendant was personally involved in or had direct responsibility for incidents that injured
him, his claims were not cognizable under § 1983).  The complaint fails to allege an
unconstitutional policy, or a series of events from which this court could infer the
existence of a policy that resulted in a constitutional violation.

      8.  **Personal Property**.  When a state actor deprives a person of personal
property, the person does not have a § 1983 due process claim if state law provides an
adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 529-30 (1984).
The taking of money occurred in the State of Arkansas.  The Eighth Circuit has held that
a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss
of his personal property so long as the state provides some sort of remedy. *See Skinner
v. Missouri*, 215 F. App'x 555 (8th Cir. 2007) (unpublished opinion) (a Missouri prisoner
did not state a valid § 1983 due process claim regarding the confiscation of money from
his inmate trust account because he had an adequate state remedy); *Williams v.
Campbell*, 25 F. App'x 477 (8th Cir. 2001) (unpublished opinion) (defendants' failure to
return property seized from a prisoner did not violate the due process clause because
the prisoner could file a claim before the Arkansas Claims Commission); *Freeman v.
Toney*, Civ. No. 08-123 WRW, 2008 WL 2225790 (E.D. Ark. May 27, 2008)

(unpublished opinion) (inmate's claim that prison officials improperly took money from his inmate account is not appropriate in a § 1983 action).  The State of Arkansas provides a remedy through the Arkansas Claims Commission.  *See* Ark. Code Ann. § 19-10-204(a) (vesting the Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions").  Accordingly, plaintiff does not have a remedy available to him pursuant to 42 U.S.C. § 1983.

9. **Conclusion**.  For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the complaint would be futile.  *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE

6